UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERNESTO MACKEY,<br><br>           Plaintiff,<br><br>      v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>           Defendants. | Case No.: 1:21-cv-00793-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff David Ernesto Mackey is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on May 17, 2021. (Doc. 1.)

On January 6, 2022, the Court issued its Notice of Temporary Magistrate Judge Referral following the elevation of Jennifer L. Thurston to District Judge. (Doc. 6.) The order was served by mail to Plaintiff's address on record with the Court the following day.

On January 18, 2022, the order was returned to the Court by the United States Postal Service marked "Undeliverable, Refused."

On October 6, 2022, the Court issued and served its Order of Reassignment, reassigning this matter to the undersigned. (Doc. 7.)

On October 17, 2022, the reassignment order was returned by the postal service marked "Undeliverable, Refused, Unable to Forward."[1]

**II.     DISCUSSION**

*Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

---

[1] The undersigned regrets the significant delay in issuing these Findings and Recommendations which unfortunately is the result of the extraordinary judicial resource emergency and understaffing experienced in the Eastern District of California.

2

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. According to the Court's docket, Plaintiff's address of record is the "Coalinga State Hospital, 24511 West Jayne Ave., Apt #26, Coalinga, CA 93210." All orders issued by the Court has been served at that address. The address appears to have become invalid approximately seven months after Plaintiff initiated the action. Alternatively, because mail was returned to the Court marked, in part, "Refused," Plaintiff has apparently elected not to prosecute this action. Because Plaintiff has failed keep the Court apprised of his current address, and/or is refusing mail sent by the Court, this action is subject to dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending for more than three years. Without a current address for Plaintiff, unreasonable delays are inevitable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward

3

disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether and has failed to comply with this Court's Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued May 18, 2021, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. **Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case**. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1, emphasis added.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. **If a pro se plaintiff's address is not updated within sixty-three days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute**." (*Id*. at 5, emphasis added.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules and/or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is

inconsequential. It is Plaintiff's responsibility to keep the Court apprised of his current address, to comply with the Local Rules and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III. ORDER AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

Further, for the reasons given above, the Court **RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 26, 2024**

UNITED STATES MAGISTRATE JUDGE